UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-CV-22519

DIANA YURANY VILLA GOMEZ,

    Plaintiff,

vs.

KOSTIV AND ASSOCIATES, P.A.,
KOSTIV & ASSOCIATES, P.C., and
PETRO R. KOSTIV,

    Defendants.
_____/

## **COMPLAINT FOR FLSA OVERTIME WAGE VIOLATION(S)**

Plaintiff, Diana Yurany Villa Gomez, sues Defendants, Kostiv and Associates, P.A. a/k/a Kostive & Associates, P.C. and Petro R. Kostiv, as follows

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Diana Yurany Villa Gomez**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2. Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

3. Plaintiff was a non-exempt employee of Defendants.

4. Plaintiff consents to participate in this lawsuit.

5. **Defendant, Kostiv and Associates, P.A.,** is a Florida corporation that was administratively dissolved in 2018 and so is not authorized to, but which nonetheless conducts business in Florida, and that is *sui juris*. It maintains its office and principal place of business here, in Miami-Dade County, Florida.

1

6. **Defendant, Kostiv & Associates, P.C.,** is a California corporation that is not authorized to, but which nonetheless conducts business in Florida, and is *sui juris*. It conducts business out of an office here, in Miami-Dade County, Florida, as Kostiv and Associates, P.A..

7. **Defendant, Petro Kostiv,** was at all times material a *sui juris* resident of California, over 18 years old, an officer, director, manager, and/or member of the corporate Defendants, ran their day-to-day operations, was responsible for paying Plaintiff, and exercised operational control over the corporate Defendants, his law firm(s).

8. Defendants were Plaintiff's employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

9. Defendants coordinated their marketing and personnel, and utilized the same "home" office located in Los Angeles, California.

10. Even though Plaintiff worked out of the Miami office for Mr. Kostiv and Kostiv and Associates, P.A., she received payment and W-2s from Kostive & Associates, P.C., where Mr. Kostiv predominately worked.

11. All Defendants employed Plaintiff.

12. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants, Maria Home Care Corp, maintained its principal places of business in this District, because Plaintiff worked and was due to be paid in Miami-Dade County, and because most if not all of the operational decisions were made in this District.

13. This Court has original jurisdiction over Plaintiff's federal question claim pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq*.

### *Background Facts*

14. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

15. Furthermore, Defendants obtained, exchanged, and sent/received funds to and from outside of the State of Florida, regularly and routinely exchanged telephonic transmissions going into/outside of the State of Florida to conduct business, and transmitted electronic information through computers, the internet, via email, and otherwise into/outside of the State of Florida.

16. Defendants at all times material engaged in interstate commerce in the course of their provision of legal, litigation, counseling, and related services which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce such as computers, monitors, networking equipment, copiers, printers, toner cartridges, paper, office furniture, telephones, mobile phones, and other office supplies.

17. Defendants advertise/market their legal business on the internet at http://www.kostivmiami.com and at http://abogadopetro.com, which are both domain registered through GoDaddy.com, LLC, a foreign corporation.

18. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

19. Defendants owns and operate a law firm with offices in multiple states, including in Los Angeles, California, and in Miami, Florida, thereby engaging in interstate commerce.

20. Plaintiff worked for Defendants in their Miami office from August 2018 until November 1, 2019 and then again from November 13, 2019 to March 19, 2020.

21. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants. These records would include the log in/out times for the computer terminal that Plaintiff used while working for Defendants.

22. Plaintiff worked for Defendants in various roles, including as a "administrative assistant" who spent most of her time working as a receptionist, answering phones, doing bank deposits, and other tasks.

23. Defendants paid Plaintiff at a rate of $12/hour.

24. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while she worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of her work on behalf of immigration clients located both within and outside of the State of Florida.

25. To perform her work for Defendants, Plaintiff regularly and routinely placed telephone calls, exchanged emails, transmitted electronic information, and communicated with persons located outside of the State of Florida.

26. Plaintiff did not, however, was not entitled to or given the authority to utilize any discretion and/or independent judgment with respect to matters of significance and instead was required to adhere to the instructions provided to her by the attorneys for whom she worked.

### *Liability*

27. Defendants required, knew, and/or had reason to know that Plaintiff routinely worked approximately more than 40 hours per week for them.

28. Defendants willfully and intentionally failed/refused to pay Plaintiff overtime wages at a rate of time and one-half her regular rate of pay for each of the overtime hours worked during the relevant time period.

29. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours she worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendant was not required to pay her overtime, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff of the overtime pay earned.

30. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

31. All conditions precedent have been satisfied by Plaintiff or waived by Defendants.

32. Plaintiff attempted to resolve this matter amicably within the spirit of *Sahyers vs. Prugh, Holliday and Karatinos, P.L.* prior to filing this lawsuit, but to no avail.

33. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty/liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Diana Yurany Villa Gomez, demands the entry of a judgment in her favor and against Defendants, Kostiv and Associates, P.A. a/k/a Kostive & Associates, P.C. and Petro R. Kostiv,, jointly and severally, after trial by jury and as follows:

    a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

    b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Diana Yurany Villa Gomez, demands a trial by jury of all issues so triable.

Respectfully submitted this 18th day of June 2020,

> s/Brian H. Pollock, Esq.
> Brian H. Pollock, Esq. (174742)
> brian@fairlawattorney.com
> FAIRLAW FIRM
> *Counsel for Plaintiff*
> 7300 North Kendall Drive
> Suite 450
> Miami, FL 33156
> Tel:  305.230.4884